UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WAYNE C. HETTINGER | ) | CASE NO. 09-35798(1)(7) |
| PAMELA S. HETTINGER | ) | |
| | ) | |
| Debtor(s) | ) | |

### MEMORANDUM-OPINION-ORDER

This matter is before the Court on the Motion for Contempt Against U.S. Bank a/k/a U.S. Bancorp ("Creditor") filed by Debtors Wayne and Pamela Hettinger ("Debtors"). Creditor did not file a response to Debtors' Motion or attend the hearing held on the matter. For the following reasons, the Court **GRANTS** Debtors' Motion and awards Debtors $262.50 in attorney's fees.

On November 11, 2009, Debtors filed their Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. Subsequent to the filing date, counsel for the Debtors received approximately 15 telephone calls from Creditor requesting to speak to "Pamela." Creditor was advised on the first 3 to 4 of these calls of the filing and Creditor was served with notice of the filing and listed on Debtors' Schedules as a creditor. Counsel's hourly rate is $175 per hour and he estimates he spent approximately 1.50 hours on this matter.

The scope of the automatic stay of 11 U.S.C. §362 is extremely broad. In re Hromidko, 302 B.R. 629 (Bankr. N.D. Iowa 2003). The purpose of the stay is stop all collection efforts and all harassment, as well as prevent creditors from attempting in any way to collect a pre-petition debt. Id. A violation of the stay is "willful" under 11 U.S.C. §362(h) where the violator's conduct is deliberate and done with knowledge of the filing. In re Sharon, 234 B.R. 676 (B.A.P. 6th Cir. 1999).

In the matter at bar, Creditor was notified of the Debtors' bankruptcy filing on several occasions. Despite this fact, Creditor continued to call and harass Debtors' attorney regarding the debt. Clearly, these instances were willful and support an award of damages. The Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Debtors Wayne and Pamela Hettinger's Motion for Contempt, be and hereby is, **GRANTED**. Debtors are awarded $262.50 in attorney's fees from Creditor U.S. Bank a/k/a U.S. Bancorp for its post petition willful violations of 11 U.S.C. §362.

*[signature]*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: February 11, 2010